Frank H. Rice *v.* Jane G. Harris et al.

1. Landlord and Tenant. *General assignment.* *Code* 1892, *ch.* 8. *Rent. Landlord's rights under act of* 1894 (*Laws,* p. 44).

     A general assignment made under chapter 8, code of 1892, does not defeat a landlord's rights under laws 1894, ch. 52, p. 44, providing that goods being on demised premises rented for one year shall not be taken under execution or other process unless the party taking the same shall pay the rent as therein specified.

2. Same. *Landlord's remedy.* *Chancery court.* *Code of* 1892, § 2513.

     While such an assignment prevents the seizure of the goods in the hands of the assignee receiver, it gives the landlord a right to apply to the chancery court administering the assets for the payment of the rent out of their proceeds; and this he may do after the expiration of thirty days from the removal of the goods off the leased premises, although the statute, code of 1892, § 2513, forbids their distress thereafter when carried off by the tenant.

From the chancery court of Leflore county.

Hon. A. H. Longino, Chancellor.

The controversy involved in this case was begun by Frank H. Rice, appellant, who, as complainant therein, filed a cross petition against Jane G. Harris and others, appellees, defendants thereto in the court below, asserting the right to have rent due him from Mrs. Harris paid out of the proceeds of the sale of a stock of goods which had been sold by order of the court in an assignment, receivership case, conducted under chapter 8, code 1892. The facts are stated in the opinion of the court.

The statutes involved are set out below. The act of 1894 (Laws 1894, ch. 52, p. 44) is in the following words:

"AN ACT providing that goods and chattels shall not be removed from leased premises under execution or other process until rent is paid.

"Section 1. *Be it enacted by the legislature of the State of Mississippi,* That no goods or chattels lying or being in or

upon any messuage, lands or tenements leased or rented for life, years, at will or otherwise, shall at any time be liable to be taken by virtue of any writ of execution, or other process whatever, unless the party so taking the same shall, before the removal of the goods or chattels from such premises, pay or tender to the landlord or lessor thereof all of the unpaid rent for the said premises, whether the day of payment shall have come or not, provided it shall not amount to more than one year's rent, and the party suing out such execution or other process, paying or tendering to such landlord or lessor the rent unpaid, not to exceed one year's rent, may proceed to execute his judgment of process; and the officer levying the same shall be empowered and required to levy and pay to the plaintiff as well the money so paid for rent as the money due under the process, and when the rent contracted for is payable, not in money, but in other things, the creditor shall pay the landlord the money value of such things.

"Sec. 2. That this act shall take effect from and after its passage.

"Approved January 25, 1894."

The code section, code 1892, § 2513, relied upon by appellee, is as follows:

"*Goods removed, seized within thirty days.*—If any tenant shall at any time convey or carry off from the demised premises his goods or chattels, leaving the rent or any part thereof, or the sum owing for supplies, unpaid, the landlord or lessor, or his assigns, may, within thirty days next after such conveying away or carrying off such goods or chattels, cause the same to be taken and seized wherever found, and the same to sell in like manner as if they had been distrained in or upon the demised premises. But goods or chattels, other than the agricultural products upon which there is a lien, so carried off and sold in good faith for a valuable consideration before seizure made, shall not be afterwards liable to be taken and seized for rent or supplies."

*Rush & Gardner*, for appellant.

The facts in this case are almost identical with those of *Paine* v. *Sykes*, 72 Miss., 351, the difference being that, in that case, the landlord, after the assignee had qualified as receiver of the court, sued out an attachment for rent, and placed it in the hands of the sheriff, when the sheriff indorsed on the writ that he found the goods in the hands of the receiver of the chancery court, when he demanded possession of the goods, but was refused. The court below seemed to be of the opinion that because appellant had not sued out an attachment for rent, as in the Paine case, that he forfeited his right to now demand satisfaction from the proceeds of the sale of the assigned property. We submit that it would be a vain and useless proceeding to have sued out an attachment for rent after the assignee had become a receiver of the court. Certainly such a ceremony could not have added any strength or right not already held by appellant before the assignment. Even should the rule in the case of *Paine* v. *Sykes* not be broad enough to afford to appellant the protection he claims, then certainly the act of the legislature of 1894 (reviving § 1768, code 1880), which prohibits the removal of goods and chattels from the leased premises, under execution or other process, until all rent is paid, would entitle appellant to the relief which he asks. This act of the legislature was not in force at the time of the trial of the Paine-Sykes case. At the time when appellant's cross petition was filed, the goods had been sold and removed from the leased premises by the purchaser at the receiver's sale. If the sheriff could not, under this act of the legislature, have removed these goods from the leased premises before the payment of the unexpired lease, not to exceed one year's rent, then we cannot understand how the receiver would have the right to sell the goods, and deprive the appellant of unpaid rent. The language of that act is so broad, we think, as to admit of no doubt that the landlord could insist upon the payment of rent for the unexpired lease, not to exceed one year's rent. That act was evi-

dently passed for the protection of the landlord, and we see no reason why a different rule should be established in the case of the sale of property by a receiver, under an order of court. Had the sheriff seized the property, and sold it either under execution or attachment, there can be no doubt (and that is the practice) that the circuit court, on motion of the landlord, would order the sheriff to pay, from the proceeds of the sale of the property, the amount to become due for the rent, not to exceed one year. The effect of the order of the chancellor ordering the sale, licensed the purchaser to remove the goods from the leased premises, and if this can be done at the expense of the landlord for the unpaid rent, then the act of the legislature prohibiting the removal of goods from the leased premises, under any legal process, is nullified—in other words, the receiver can do that, as an officer of the court, which is denied the sheriff, a proposition to which we do not think this court would give its assent.

The assignee was not a *bona fide* purchaser for a valuable consideration. In *Paine, Assignee,* v. *Aberdeen Hotel Co.*, 60 Miss., 360, this court says: "The landlord has the right to cause the goods of the tenant, liable to be taken for rent, to be seized and held therefor against all the world, except a purchaser in good faith for a valuable consideration." *Marye* v. *Dyche*, 42 Miss., 347; *Stamps* v. *Gilman*, 43 Miss., 456. The receiver possesses no better right than that held by the assignee, and, as the receiver was protected from suit by virtue of his official position, appellee was forced to resort, to protect his rights, to the only remedy he had—that is, by petition to the chancery court for the recognition and enforcement of his rights against the proceeds of the sale of the property for satisfaction.

*Coleman & McClurg*, for appellee.

The sole question presented by this record is, whether the lessor of a storehouse is entitled to have a prior lien fixed upon the proceeds of a stock of goods which had been kept in the

house, but sold by the assignee of the lessee, under an order of court, and removed from the store more than thirty days before any steps are taken to assert or establish a lien for unpaid rent, no effort having been made to seize the goods or to fix a lien upon them in kind.

It is not a question as to whether the assignee is a *bona fide* purchaser for value, or a question as to the right of the landlord to create a lien upon the goods in kind, by levy of an attachment writ, as was done, before enactment of chapter 8 of the code in *Paine* v. *Hotel Co.*, 60 Miss., 360, and as was done, indirectly, in *Paine* v. *Sykes*, 72 Miss., 350, since the enactment of that statute. In both of these cases the landlord went against the property promptly and within time, while in the case at bar, with full notice of the assignment on the twenty-first day of January, the schedules of which showed that his claim had been listed among the assignor's liabilities and the unexpired lease as an asset, the landlord sat quietly down, and, through his attorneys, agreed that the reasons assigned for converting the property into money were sound, permitted the public sale, on the fourteenth of February, and the open removal of the property from the premises, the store put in the possession of a stranger, and then waited until the thirtieth of March before he undertakes to assert or create a lien. Surely § 2513, code of 1892, defeats the landlord.

The cross petition alleges that the landlord has a prior lien upon the funds in the hands of the assignee, which he asks the court to declare and order paid, when, in fact, he never had any lien either upon the goods while in the store or upon the proceeds thereof in the hands of the assignee receiver. The utmost of his right was " to go against the goods " while in the store, or within thirty days after their removal, and fix a lien thereon by attachment aided by his cross petition, as Sykes did. *Paine* v. *Sykes*, 72 Miss., *supra.* The fact that the property was *in custodia legis* did not alter the status of the cross complainant; it gave him no right or remedy that he did not already have,

nor did it take away any.   His procedure was, by chapter 8 of the code, slightly changed, in that it required the permission of the court in which the estate was being administered, to sue, but by taking jurisdiction of his attachment, the purpose of the assignment law was doubly met; permission to sue was granted and the suit conducted right along in an inexpensive manner with all other issues involved, at the same time preserving all rights.

The procedure of Sykes' case against Whitney (72 Miss., 350) is evidently the correct practice, for the reason that both oath and bond in attachment are required to guarantee against costs and damages in event of failure to successfully maintain the liability.   Here the cross petitioner institutes the litigation without a bond even if appellant's cross petition be accepted in lieu of the usual affidavit.   Annotated code, §§ 2502, 2513.

Nor is appellant entitled to the benefit of chapter 52, acts of 1894, p. 44.   That statute is a re-enactment of § 1768, code of 1880, and it applies to a taking by an officer in virtue of some process in his hands for execution, not to a case like this, where the removal is by others than officers.

TERRAL, J., delivered the opinion of the court.

On the tenth day of September, 1897, Rice rented to Mrs. J. G. Harris a storehouse for one year for $480, payable in sums of $50 monthly.   On the twenty-first of January, 1898, Mrs. Harris, under ch. 8, annotated code, made an assignment to J. W. Slack of all her property for payment of her creditors. Slack gave bond as such assignee, which was duly approved, filed his petition, and duly qualified as assignee, and inventoried the property assigned him by Mrs. Harris, which inventory included the unexpired lease of Rice to Mrs. Harris.   On the fourteenth of February, 1898, Slack, under the order of the chancery court, sold all the property assigned to him for $2,875.   Said property was sold to Hirsh, who removed the

stock of goods assigned by Mrs. Harris to Slack, and bought by him, from the storehouse rented to Mrs. Harris, and sublet said storehouse to Stewart. Rice owns seven of said rent notes. amounting to $280, which are unpaid. On March, 30, 1898, Rice filed his cross petition in the chancery court against Mrs, J. G. Harris and J. W. Slack, stating the above recited facts, and praying that Slack may be decreed to pay him, out of the money in his hands as assignee, said sum of $280. Assignee Slack demurred to the cross petition, which was sustained, and Rice appealed.

Chapter 52, Laws 1894, provides that no goods, being on the premises rented for one year, shall be taken under execution or other process whatever, unless the party so taking the same shall, before the removal of the goods from the premises, pay to the lessor all the unpaid rent, not exceeding one year's rent, whether the day of payment shall have come or not. This right gives, undoubtedly, to the lessor the right to have his rent paid from or out of the goods on the premises, when taken under execution or other process.

By reason of the assignment of the goods by Harris to Slack, under ch. 8, annotated code, thereby placing the goods on the demised premises in the hands of the chancery court, so that to distrain it by Rice would be a contempt of said court, has the right of the lessor been destroyed? We think not. The right which the lessor had, unless the assignment had been made, to seize the goods for the payment of his rent, is not available at law, by reason of the assignment but on that account it is a good foundation for a claim in the chancery court, where the assigned goods are administered, and for a decree there for such claim. If we understand counsel for appellee, they suppose that Rice might have a good claim for the intervention of the chancery court, if he had filed his cross petition within thirty days from the time the goods were removed from the rented premises. We do not perceive that the removal of the goods from the demised premises affects in any way the rights

of Rice. Hirsh was a *bona fide* purchaser of the goods, and, in his hands, they were not subject to be attached by Rice, whether they were on the premises, or within thirty days from a removal therefrom. Hirsh was a purchaser under the decree of the court, and by this proceeding in court, and under the decree of the court, Rice was precluded from going against the property sold, and for that reason gives him a right to demand of the assignee of the goods the payment of his rent from the money produced by a sale of the property, which the proceeding in the chancery court had precluded him from attaching to pay them.

*Reversed and remanded.*