EPSTEIN *v*. FARR.

[73 South. 572, Division A.]

LANDLORD AND TENANT. *Landlord's right to preference. Statute.*

Under Code 1906, section 2851, providing that no goods in or upon any leased premises shall be liable to be taken by virtue of any writ of execution or other process whatever unless the party so taking the same shall before the removal of the goods or chattels from such premises pay or tender to the landlord or lessor thereof all unpaid rent for said premises, etc., the landlord of a store house had a lien or preference claim to the goods or on the proceeds of the sale of them and had the right to have his

claim for two months declared a preference claim against the estate of an insolvent tenant and to have the administrator required to pay it in full out of the proceeds of a sale of decedent's stock, pursuant to an order of the chancery court, though the landlord did not assert his claim within thirty days after the removal of the goods from the leased premises pursuant to a sale by such administrator.

APPEAL from the chancery court of Pike county.

HON. R. W. CUTRER, Chancellor.

Bill by Louisa G. Epstein against Mrs. Ella D. Farr, administratrix. From a decree denying complainants prayer for relief, she appeals.

The facts are fully stated in the opinion of the court.

*E. Q. Williams* and *J. J. Cassidy,* for appellant.

Is the language of the statute broad enough to sustain appellant's position? The language of the statute is very broad. It says no goods or chattels and etc., shall be taken by virtue of any writ of execution or other process whatever for the stock of goods was sold by the administratrix under an order of the chancery court and taken by the purchaser in pursuance of the chancery court. This was a taking under "process" as the word "process" is defined in 32 Cyc. 419, and notes page 422. The goods having thus been taken, it is the duty of the administratrix to pay the rent, and if this authority is not sufficient, the statute further provides that the officer levying shall be required to pay the plaintiff the money paid for rent as well as the money due under process.

The administratrix in taking charge of the property and selling it under an order of the chancery court, levied within the meaning of that word, as also defined in 25 Cyc., page 206, cited 32 Mississippi, for a definition of this word is given on page 469 of the opinion of the court, and the administratrix having the money in her hands it now becomes her duty to pay the landlord, appellant here, in full.

While the precise question involved in this case does not seem to have been passed upon by this court we find that this statute has been, several times, under the court's review. In *Marye* v. *Dyche,* 42 Miss. 347, decided in 1869, it was held that prior to an attachment for rent the tenant could sell or encumber the personal property, and those with whom he dealt would acquire a lien prior to that of the landlord. In *Stamps* v. *Gilman,* 43 Miss. 456, decided in 1871, the last case was affirmed and practically the same question was presented in *Shanks* v. *Greenville,* 57 Miss. 168. These cases do not constitute the point now under consideration, but are cited in support of appellant's contention that the lien is clearly drawn and the rights of landlord and others definitely established and that is that the landlord is entitled to the payment of his rent before the property can be moved from the premises or out of its proceeds if sold under process and the only instance where the personal property would not be liable for rent, is where it has been sold or encumbered by the owner in a lawful manner. In support of the principal for which we are contending, we cite *Paine* v. *Hotel Company,* 60 Miss. 360; this was a case in which Paine made an assignment for the benefit of his creditors, the assignee of course took charge of the property and handled it under instructions of the court.

It was held that the landlord was entitled to his rent in preference to the claims of the general creditors. The doctrine announced in this case was affirmed in *Paine* v. *Sykes,* 72 Miss. 351. In the case in the 60th Mississippi the court speaking through Chief Justice CAMPBELL, we think correctly stated the law when he said: "The landlord has a right to cause goods of the tenant liable to be taken for rent to be seized and held therefor against all the world except a purchaser in good faith for a valuable consideration."

The principle announcement in the cases last quoted, declare what seems to us to have been the intention of

the legislature and fully support appellant's right to be paid her rent in full in this case to the exclusion of the general creditors. As throwing some light on this question we note that the Federal courts in bankruptcy proceedings, recognized the right of the landlord in Mississippi to be paid his rent in preference to other creditors.

*J. T. Hutchinson,* for appellee.

The sole question presented by this record is, whether the lessor of a storehouse is entitled to have a prior lien fixed upon the proceeds of a stock of goods which had been kept in the house, but sold by the administratrix of the lessee, under an order of the chancery court, and removed from the store more than thirty days before any steps were taken to assert or establish a lien for unpaid rent, no effort having been made to seize the goods or to fix a lien upon them in any shape or form, but the goods were sold at public outcry as authorized by the order of the court and brought in by parties and remained in the storehouse in which they were stored for sometime after the sale of same to the purchaser at the administratrix sale.

Under Section 2851 of Code of 1906, it is contended by appellant that they have given them a lien on the goods stored in the storehouse for the rent in arrears and owing by the lessee the deceased A. S. Farr, and that the amount of their claim should be paid out of the proceeds of the sale by the administratrix in full for the reason that they have a lien given by this section of the code on goods stored in the store. You will notice from the reading of this section of the code that there is not even a suggestion to the landlord that he has a lien on goods stored in his house for rent of same, the landlord only has a lien on the goods sold by him to his tenant as supplies (such as horses, mules and farming implements), and products grown by the ten-

ant upon the rented premises, and this is all that is covered by the lien of the landlord as provided by section 2832 of Code 1906 —The goods stored in this store were not sold by the landlord to the tenant but same were acquired in the regular mercantile business from various parties in the regular course of business, and are not subject to any lien in favor of the landlord in preference to other creditors of this estate, if the landlord had thought that she had a lien on the goods stored in the storehouse then it was her duty to attach said goods before same were sold at the public sale by the administratrix, but there was no lien then and none now, if the goods stored in the house had been goods that had been sold to the tenant by the landlord then the landlord would have had a lien on same and could have attached same for rent, or could have required an officer levying an execution on said goods to first pay to the landlord her rent, but there was no lien; therefore the administratrix is not required to pay claim of landlord for rent in arrears in full but the landlord stands with all other creditors and must be paid rateably.

The preference claims against the estate of a deceased are as follows—The expense of last sickness, for burial or funeral and for the administration, including commissions, etc. See section 2113 of Code 1906. We insist that the decree of the chancellor holding that the landlord had no prior lien on the stock of goods is correct and said decree should be upheld by this court.

SYKES, J., delivered the opinion of the court.

Louisa G. Epstein, appellant here filed a bill in the chancery court of Pike county against Mrs. Ella D. Farr as administratrix of the estate of A. S. Farr, alleging that during the lifetime of the said Farr complainant had rented to him a storehouse for a period of one year at a rental of thirty-five dollars a month, and that there

was due and owing to her at the time of the death two
months' rent, or seventy dollars. Complainant prayed
that this claim be declared a preference claim, and that
the administratrix be required to pay the same in full
out of the proceeds of sale of the stock of goods, be-
fore paying any general creditors. The lower court
denied her prayer for relief, from which decree this
appeal is prosecuted.

The agreed statement of facts in the case shows that
the above amount was due her by the deceased as ren-
tal at the time of his death, that the estate was insol-
vent, and that under an order of the chancery court,
the stock of goods belonging to said estate and in the
storehouse of appellant was sold over thirty days be-
fore the institution of this suit, and the proceeds of
sale are now in the hands of the administratrix. The
estate of the deceased had been declared to be in-
solvent before this suit was instituted. A year's sup-
port to the widow and children had been allowed and
set apart for them. The agreed statement of facts also
shows that under similar contracts for rent the de-
ceased was due D. E. Lampton & Co. one hundred dol-
lars for rent and Mrs. A. I. Teunnison twenty-five dol-
lars for rent, and that the right of recovery of these
appellants is controlled by that of the appellant, Ep-
stein. The appellant landlord bases her claim to the
rent under section 2851 of the Code of 1906, which
reads as follows:

"That no goods or chattels, lying or being in or upon
any messuage, lands or tenements, leased or rented for
life, years, at will, or otherwise, shall at any time be
liable to be taken by virtue of any writ of execution,
or other process whatever, unless the party so taking
the same shall, before the removal of the goods or
chattels from such premises, pay or tender to the land-
lord or lessor thereof, all the unpaid rent for the said
premises, whether the day of payment shall have come
or not, provided it shall not amount to more than one

year's rent; and the party suing out such execution or other process, paying or tendering to such landlord or lessor the rent unpaid, not to exceed one year's rent, may proceed to execute his judgmnt or process; and the officer levying the same shall be empowered and required to levy and pay to the plaintiff as well the money so paid for rent, as the money due under the process, and when the rent contracted for is payable, not in money, but in other things, the creditor shall pay the landlord the money value of such things."

It is contended by the appellee that the above section does not give the landlord any lien or preference claim on the goods or on the proceeds of the sale of them, nor give her any preference over other creditors of the estate. It is further contended that if any preference claim or lien existed, then it should have been asserted at least within thirty days after removal of the goods under section 2850, Code of 1906. It is further contended that the only preference claims against the insolvent estate of a deceased person are those set out in section 2113 of the Code of 1906. This question has been expressly settled by this court in favor of the appellant here in the case of *Rice* v. *Harris,* in 76 Miss. 422, 24 So. 880. The facts are quite similar to those in the case at bar. Judge Terral in that opinion says:

"By reason of the assignment of the goods by Harris to Slack, under chapter 8, Annotated Code, thereby placing the goods on the demised premises in the hands of the chancery court, so that to distrain it by Rice would be a contempt of said court, has the right of the lessor been destroyed? We think not. The right which the lessor had, unless the assignment had been made, to seize the goods for the payment of his rent, is not available at law, by reason of the assignment, but on that account it is a good foundation for a claim in the chancery court, where the assigned goods are administered, and for a decree there for such claim. If we

understand counsel for appellee, they suppose that Rice might have a good claim for the intervention of the chancery court, if he had filed his cross-petition within thirty days from the time the goods were removed from the rented premises. We do not perceive that the removal of the goods from the demised premises affect in any way the rights of Rice. Hirsh was a *bona fide* purchaser of the goods, and, in his hands, they were not subject to be attached by Rice, whether they were on the premises, or within thirty days from a removal therefrom. Hirsh was a purchaser under the decree of the court, and by this proceeding in court, and under the decree of the court, Rice was precluded from going against the property sold, and for that reason gives him a right to demand of the assignee of the goods the payment of his rent from the money produced by a sale of the property, which the proceeding in the chancery court had precluded him from attaching to pay them.''

In the case at bar the estate was being administered in the chancery court, just as was the estate of Harris being administered in said court by virtue of his assignment.

Reversed, and decree here for appellant.

*Reversed.*