## ENGLEBURG v. TONKEL.*

(Division B.   Nov. 30, 1925.   Suggestion of Error Overruled Jan. 11, 1926.)

[106 So. 447.   No. 25225.]

1. LANDLORD AND TENANT. *No lien for rent except on agricultural products.*

   Landlord has no lien on tenant's goods, other than agricultural products; Code 1906, section 2851 (Hemingway's Code, section 2349), giving landlord right only to payment of rent before tenant's goods on premises can be taken by execution or other legal process.

2. LANDLORD AND TENANT. *In absence of seizure of tenant's goods by legal process, landlord has only inchoate right, which may develop into a preference.*

   Tenant's goods on leased premises not having been seized by execution or other legal process, landlord having mere claim for rent has no right above tenant's general unsecured creditor, except an inchoate right, which may develop into a preference under Code 1906, section 2851 (Hemingway's Code, section 2349).

3. RECEIVERS. *Landlord's bill held to show no ground for receivers of tenant's goods on premises.*

   Bill of landlord showing he has simple claim for rent, that tenant is insolvent, and that other creditors are suing him, presents no ground for appointment of receiver for tenant's goods on premises.

4. RECEIVERS. *Appointment not independent equity, but auxiliary remedy.*

   Appointment of receiver is not an independent equity, but an auxiliary remedy.

5. RECEIVERS. *Necessary showing, as to property right and danger to property, for appointment.*

   To justify appointment of receiver, applicant must show he has clear right to the property, or some lien thereon, or that it constitutes special fund to which he has right to resort for satisfaction of claim, and that possession of the property or its income is in danger of loss from neglect or insolvency of adversary party.

   140 Miss.—33.

6. RECEIVERS. *Not appointed at instance of simple contract creditor without lien.*

Receiver will not be appointed at instance of simple contract creditor without lien.

7. RECEIVERS. *Bill, asking appointment, must show cause of action, to which receivership is necessary auxiliary.*

Bill, asking appointment of receiver, must show cause of action in complainant, to which receivership is necessary auxiliary or aid.

8. RECEIVERS. *Receivership never primary object of suit.*

Receivership can never be primary object of suit.

9. APPEAL AND ERROR. *Decree overruling demurrer to bill not reversed, though cause of action at law.*

Under Constitution 1890, section 147, decree overruling demurrer to bill presenting no cause of action of equitable jurisdiction cannot be reversed where it stated a legal cause of action, the court for aught shown having determined to assume jurisdiction, though there was no equity on face of bill.

---

*Headnotes 1. Landlord and Tenant, 36 C. J., Section 1474; 2. Landlord and Tenant, 36 C. J., Section 1486; 3. Receivers, 34 Cyc., p. 38; 4. Receivers, 34 Cyc., pp. 29, 30; 5. Receivers, 34 Cyc., p. 47; 6. Receivers, 34 Cyc., p. 37; 7. Receivers, 34 Cyc., p. 111; 8. Receivers, 34 Cyc., p. 30; 9. Appeal and Error, 4 C. J., Section 2900.

APPEAL from chancery court of Bolivar County.

HON. S. I. OSBORN, Special Chancellor.

Bill by Mrs. Fannie B. Tonkel against Harry Engleburg. Demurrer to bill overruled, and defendant appeals. Affirmed and remanded.

*Clark, Roberts & Hallam,* for appellant.

I. *There is no equity on the face of the bill.* Complainant attempted to substitute a suit in chancery for an attachment for rent, under the chapter of the code on Landlord and Tenant, and this could not be done. The allegation that the complainant was advised that she had a lien on the goods, wares and merchandise of the defendant is a mere conclusion of the pleader. No facts are stated which

show that she actually had such lien, and the statutes of the state, and decisions of this court, refute the allegation that she had a lien. Section 2330, Hemingway's Code, negatives the idea that a landlord has a lien on any property of the tenant, except the agricultural products of the leased premises.

It is true that a landlord has the right, under the statute to *create* a lien as against the effects of the tenant by having the effects seized under an attachment for rent; but this lien can be created only when there is an insufficiency of agricultural products to satisfy the rent, section 2342, Hemingway's Code, providing that the command of the writ shall be that the officer "forthwith seize and take the said agricultural products to an amount sufficient to satisfy the said debts, with interest, and costs; and if there be not a sufficiency of said products so to do, then that you distrain the other goods and chattels of the said tenant."

The decisions of this state are uniform that the landlord has no lien on the effects of the tenant other than agricultural products. *Stamps* v. *Gilman,* 43 Miss. 458; *Fitz-Gerald* v. *Fowlkes,* 60 Miss. 270; *Marye* v. *Dyche,* 42 Miss. 347; *Henry* v. *Davis,* 60 Miss. 212; *Patty* v. *Bogle,* 59 Miss. 491.

The contention of the appellee in the court below was that this was a case of equitable cognizance because section 2349, Hemingway's Code, provides that the goods and chattels of the tenant lying upon the demised premises shall not be taken by virtue of any writ of execution, or other process, unless the party so taking the same shall pay to the landlord the unpaid rent for the premises, and that this statute has the effect to create a lien in favor of the landlord against the effects of the tenant, which lien is enforceable in equity. And to fortify her interpretation of this statute, the appellee cites and relies on *Epstein* v. *Farr,* 112 Miss. 530, 73 So. 572. This case, however, does not so construe the statute.

That section 2851, Code 1906, section 2349, Heming-way's Code, does not give to the landlord the lien contended for, is also expressly held in *White* v. *Miazza-Woods Const. Co.,* 122 Miss. 213, 84 So. 181. See also *Shuler* v. *Grunewald Co.,* 113 Miss. 763, 74 So. 659.

If the landlord had a lien on the goods and chattels of the tenant other than the agricultural products, there could be no *bona-fide* purchaser of the goods and chattels on the leased premises so long as the rent remained unpaid, for the purchaser would take the goods and chattels charged with the lien, and subject to it. But this court has held that a purchaser of goods and chattels from a tenant on leased premises takes title free from the claim of the landlord for rent. *White* v. *Miazza-Woods Const. Co.,* and *Stamps* v. *Gilman, supra.*

Of course, if the complainant had no landlord's lien it would have been improper for a receiver to be appointed to take charge of the appellant's property.

II. *The bill states no facts showing right to relief.* This bill in this case states no facts which show even a legal right. As stated above, it fails to allege that the defendant is the owner of any goods, wares or merchandise on the leased premises, or removed therefrom within thirty days. It fails to state the commencement or termination of the term. It fails to state the amount of the investment on which the tenant was to pay six per cent per annum net. It fails to allege that at the time of the filing of the bill the defendant was still in possession of the building for which the complainant seeks to recover rent, or that he was in possession of it at any time since the institution of the action at law. It expressly negatives the idea that any rent is due by defendant.

Even under the statute authorizing an attachment for rent it is necessary for the party entitled thereto to make complaint on oath "averring the *facts* which entitle the party seeking it to the remedy," as provided by section 2337, Hemingway's Code.

III. *The remedy at law is full, adequate and complete.*
By a stretch of the imagination, it might be said that the
original bill in this case shows a naked, legal right to
enforce which an action at law for the rents is maintain-
able.   Or, upon proper affidavit, the complainant could
sue out an attachment for rent under the chapter on Land-
lord and Tenant.   By this summary remedy the defend-
ant's goods and effects could be seized and sold for the
purpose of paying the amount of the rent due, if any.   The
statutes on attachment for rent were enacted to meet just
such cases as this.

A receiver, even on proper application, will never be
appointed ''as a substitute for an attachment at law, or
solely upon a ground which would justify such attach-
ment.''   34 Cyc. 25; *Pearce v. Jennings,* 10 So. 511; *Uhl.* v.
*Dillon* (Md.), 69 Am. Dec. 172.

The only allegations of the bill which seek to justify the
right to the appointment of a receiver to take charge of
the property are those which allege that the complainant
has cause to believe that divers judgments will be re-
covered against the defendant, and that the defendant's
goods will be sold under executions on said judgments,
and she will be deprived of her rights.   But in her defense
along these lines the very statute (section 2349, Heming-
way's Code) on which she relies to show that she has a
lien on the defendant's goods on the demised premises,
rises up as an impregnable bulwark.   It provides that the
goods shall *not* be taken under such writs of execution un-
less the year's rent be first paid.

*Shands, Elmore & Causey* and *Lucy Somerville,* for ap-
pellee.

I. *The action of the court below in overruling the de-
murrer was proper.*   The bill is an application for a re-
ceiver pending the adjudication of the rent claimed to be
due by Mrs. Tonkel, appellee herein.   Appellant says that
we should have filed an attachment instead of an applica-

tion for a receiver. The law in Mississippi is that an attachment or distress *may be* sued out. (Section 2336, Hemingway's Code). The statute nowhere says that an attachment or distress *shall be* sued out. Consequently, we maintain that the statutory remedy is not exclusive.

We have no criticism to make of the law announced in the authorities cited by appellant. These authorities state the law as it is in Mississippi, but we do not think they state the law as applied to this case, and even if they do, the points are not material to a determination of this appeal. We believe, as we have stated above, that the statutory remedy for the collection of rents is not exclusive; that the appellee had the choice of the forum in which to file a suit and of the remedy which she chose to invoke in her aid. *Atkinson* v. *Felder,* 78 Miss. 83, 29 So. 767.

The bill herein upon its face alleges facts sufficient to entitle complainant to the appointment of a receiver. Under section 159, Mississippi Constitution, the chancery court is given full jurisdiction "in all matters in equity." The appointment of receivers is a matter within the exclusive jurisdiction of equity, Pomeroy, section 171, and, therefore, we respectfully submit that the court below ruled correctly in overruling the demurrer filed to complainant's bill.

II. *The action of the court below in overruling the demurrer to the bill of complaint is not reversible error.*

The bill of complaint makes a showing of equity jurisdiction so that the court was justified in holding that the case was properly filed in the chancery court, but regardless of whether the bill stated a case in equity or not the action of the court in overruling the demurrer is not reversible error, because of section 147 of the Constitution.

The court has repeatedly construed this section of the Constitution. The first case coming before the court after the adoption of the Constitution of 1890, in which this section was invoked, is *Cazeneuve* v. *Curell,* 70 Miss. 521, 13 So. 32. This is the leading case on this question

and it meets all arguments that may be advanced. See also *Day* v. *Hartman,* 74 Miss. 489, 21 So. 302; *Iron* v. *Cole,* 78 Miss. 132, 28 So. 803; *Hancock* v. *Dodge,* 85 Miss. 228, 37 So. 711; *Woodville* v. *Jenks,* 94 Miss. 210, 48 So. 620; *Grenada Lumber Co.* v. *State,* 54 So. 8; *Miller* v. *State,* 114 Miss. 713, 75 So. 549.

Wherefore, in view of the fact that the bill, as filed, states a case for equity jurisdiction, and in view of the provisions of our Constitution that the supreme court shall not reverse any case because the case is of common law and not equity cognizance, we respectfully submit that the action of the lower court should be affirmed.

*Clark, Roberts & Hallam,* in reply for appellant.

In her brief, the appellee urges that, as equity alone has jurisdiction looking to the appointment of a receiver, and as section 147 of the Constitution of 1890 prohibits the supreme court from reversing a decree of a chancery court on the ground of want of jurisdiction to render the decree, from any error or mistake as to whether the cause in which it was entered was of equity jurisdiction, the decree in this cause must be affirmed.

The argument not only begs the question, but entirely overlooks that portion of the section of the Constitution relied on which provides that the supreme court may reverse "if it shall find error in the proceedings other than as to jurisdiction." She unwarrantedly assumes that a right of action in the complainant is stated by the bill, and that, this being true, the supreme court cannot reverse because the lower court assumed jurisdiction.

We have shown in our original brief, as we think conclusively, that the original bill in this case shows no right of action in the complainant, either at law or in equity. No sufficient facts are stated to justify a recovery at all, anywhere, under any circumstances, and, therefore, the first and second grounds of the demurrer were well taken. No liability of any kind is shown.

A bill will not lie for the appointment of a receiver, unless the bill shows some substantial right of the complainant which has been violated to protect which a receiver is necessary to take possession of the property. The appointment of a receiver is not the ultimate end and object of litigation, but is merely a provisional remedy to control and preserve property pending litigation, that the relief awarded, if any, may be effective. *Miller* v. *Perkins* (Mo.), 55 S. W. 874; *State ex rel.* v. *Ross* (Mo.), 25 S. W. 946.

Appellee admits in her brief that no lien existed in her favor against the property of the appellant, and, therefore, necessarily also admits that she had no right to the appointment of a receiver. And if she had ever had the right, she waived it long before the demurrer was heard in the court below. "An applicant for a receiver must not be guilty of laches before bringing his bill, or pending the application." 5 Pom. Eq. Jur., sec. 68.

As the appellee does not in any way undertake to combat the argument made in the appellant's original brief that no cause of action is stated against the appellant, she must also be held to have acceded thereto; and the section of the Constitution relied on by her can, therefore, not help her. *George* v. *Solomon*, 71 Miss. 168.

ANDERSON, J., delivered the opinion of the court.

Appellee, Mrs. Fannie B. Tonkel, filed her bill against appellant, Harry Engelburg, in the second district of the chancery court of Bolivar county. Appellant demurred to the bill on the ground that it presented no equity upon its face. The demurrer was overruled and the trial court granted an appeal to settle the principles of the cause.

We believe the following will be a sufficient statement of the case made by appellee's bill:

Appellee sought to recover from appellant, as her tenant, rents due her for the use of a store building in

Shaw, which rents had been assigned to appellee by her husband, M. Tonkel, as landlord, and certain other rents for the same building, which appellee claimed had been assigned to her by her father, H. Borodofsky, as landlord, after the purchase by the latter of the store building in question from his son-in-law, the said M. Tonkel. Appellant had a stock of goods, wares, and merchandise stored in the leased building. Appellant was insolvent, and his creditors were suing. These suits would soon ripen into judgments and his goods be taken by execution. Appellee claimed a right or lien under section 2851, Code of 1906 (section 2349, Hemingway's Code), against appellant's goods, wares, and merchandise stored in the leased building superior to that of any claim or lien of appellant's other creditors. The bill prayed that appellee's lien or right against these goods be established, and that the goods be sold to satisfy appellee's rent claim, and, if not sufficient for that purpose, that appellee be given a decree over against appellant for the balance. In addition, there was a prayer for general relief.

It was held by this court in *White* v. *Miazza-Woods Construction Co.,* 122 Miss. 213, 84 So. 181, construing section 2851, Code of 1906 (section 2349, Hemingway's Code), that a landlord had no lien upon his tenant's goods other than agricultural products; that the statute in question did not give a landlord's lien on the property on the leased premises for unpaid rent; that the statute gave the landlord a right only to the payment of his rent before the goods on the leased premises could be taken by execution or other legal process; that, therefore, a *bona-fide* purchaser for value of such property took it freed from any claim of the landlord.

Appellant's goods on the leased premises had not been seized by execution or other legal process. Appellant's failing condition had not reached that stage. Appellee, therefore, stood as a simple contract creditor and nothing more. She had no right above appellant's gen-

eral unsecured creditors except what might be termed
an inchoate right that might or might not develop into
a preference under the statute.

Appellee's bill presented no ground for the appoint-
ment of a receiver. The appointment of a receiver is
not an independent equity, but, on the contrary, is an
auxiliary remedy. In order to justify the appointment
of a receiver, the party applying therefor must show
either that he has a clear right to the property involved,
or that he has some lien thereon, or that the property
constitutes a special fund to which he has a right to
resort for the satisfaction of his claim; and further that
the possession of the property itself, or the income aris-
ing therefrom, is in danger of loss from neglect or in-
solvency of the adversary party. A receiver will not be
appointed at the instance of a simple contract creditor
without a lien. A bill asking the appointment of a re-
ceiver must show a cause of action in complainant, to
which cause of action the receivership is a necessary aux-
iliary or aid. A receivership can never be the primary
object of a suit; it must be ancillary or not at all. Grif-
fith's Chancery Practice, sections 467, 468, 472; *Mays* v.
*Rose,* Freem. Ch. 718; *Vause* v. *Woods,* 46 Miss. 128;
*Clark* v. *Fleming,* 130 Miss. 510, 94 So. 458; *Whitney* v.
*Bank,* 71 Miss. 1009, 15 So. 33, 23 L. R. A. 531. In the
present case there is no cause of action shown in appellee
to which a receivership could be auxiliary. Appellee
neither owned the goods in question, nor had she any
lien thereon.

Appellee contends, however, that even though it be
true that there is no equity on the face of her bill, still,
under section 147 of the Constitution, the decree com-
plained of cannot be reversed; that where the question
alone is one of legal or equitable cognizance, there being
no other error on the face of the record, the judgment
must be affirmed; that the chancery court having as-
sumed jurisdiction, there can be no reversal on that
ground alone, even though the cause be one purely of

legal cognizance. Section 147 of the Constitution provides in substance: That no judgment or decree of a chancery or circuit court rendered in a civil case shall be reversed on the ground of want of jurisdiction to render such judgment or decree growing out of any error or mistakes as to whether the cause be of equity or common-law jurisdiction unless there be error in the proceedings, other than jurisdiction, in which case, if it shall be necessary to remand the case, the supreme court shall remand it to that court which in its opinion can best determine the controversy. Construing this constitutional provision in *Cazeneuve* v. *Curell,* 70 Miss. 521, 13 So. 32, which was a cause involving strictly a legal demand (an action for recovery of damages for an oppressive and grossly excessive levy brought in the chancery court), this court held that in a case of that character section 147 of the Constitution had the effect of practically obliterating the lines of demarcation between courts of law and equity; that, where the judges and chancellors chose to disregard such lines of demarcation, the supreme court was forbidden to reverse or annul their decrees or judgments, even though there was an entire want of jurisdiction, provided no other error than that was apparent on the record.

The sole question presented by the bill and demurrer in the present case is whether appellee's cause of action was one of legal or equitable jurisdiction. It is undisputed, and is true, without doubt, that appellee had a cause of action at law. She had the right under the landlord and tenant statute to proceed in a court of law against the goods by distraint for the rent due her, but instead of pursuing the statutory remedy, she chose to go into a court of equity. Appellee in her bill states a legal cause of action for the recovery of rent due her by appellant. The bill has a prayer for general relief. Under the allegations of the bill and the prayer, discarding entirely its other features, the chancery court had the power under section 147 of the Constitution to render a

personal decree in favor of appellee against appellant for the rent due by the latter to the former although it was purely a legal cause. The Constitution gives chancery courts the power, if it chooses so to do, to try and determine purely legal causes, and their decrees in such causes will not be reversed on appeal unless there be other error on the face of the record. For aught that it is shown by the record in this case, the chancery court may have determined to assume jurisdiction, notwithstanding there was no equity on the face of the bill. It follows from these views that the decree complained of must be affirmed, and the cause remanded.

*Affirmed and remanded.*