# WILLIAMS v. NOBLE.
## No. 6396.

Circuit Court of Appeals, Fifth Circuit.
Feb. 2, 1932.

C. J. Jones, of Waynesboro, Miss., and Bert Flanders, Jr., of New Orleans, La., for appellant.

Roy P. Noble, of Laurel, Miss., appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellant leased a store building for one year from January 1, 1931, to G. T. Bufkin, who in March of that year was adjudged a bankrupt. The rent was paid up to the date of sale in April of the assets of the bankrupt's estate. The landlord's claim of lien on the goods in the store at the date of bankruptcy for the rent that had not accrued was disallowed. He appeals, and for ground of reversal relies on section 2175 of the Mississippi Code of 1930.

That section provides that no goods on leased premises shall be taken by virtue of any writ of execution or other process, unless before removal there shall be paid all unpaid rent for not exceeding one year whether due or not. Section 2186 gives the landlord a lien on agricultural products of leased premises. The Supreme Court of Mississippi, in construing these two Code sections, has held that the landlord has no lien for rent upon his tenant's goods other than agricultural products, but that until distress is levied upon such other goods he has the right only to exact payment of rent before they can be taken off the premises by legal process. White v. Miazza-Woods Construction Co., 122 Miss. 213, 84 So. 181; Engleburg v. Tonkel, 140 Miss. 513, 106 So. 447. Very similar Illinois statutes were given a like construction by the Supreme Court in Morgan v. Campbell, 22 Wall. 381, 22 L. Ed. 796. The earlier Mississippi Supreme Court cases of Rice v. Harris, 76 Miss. 422, 24 So. 880, and Epstein v. Farr, 112 Miss. 530, 73 So. 572, do not in our opinion announce a different rule; but, if they do, they must give way to the later above-cited decisions of the same court. The landlord, not having been given a lien by the state law, has none; and it follows that the ruling of the District Court was correct.

The order appealed from is affirmed.