DABNEY *v.* CONTINENTAL JEWELRY CO.

(Division A.   March 21, 1932.)

[140 So. 338.   No. 29856.]

(1)

Sillers & Roberts, of Rosedale, for appellant.

**Wm. W. Simmons**, of Cleveland, for appellee.

**Cook, J.,** delivered the opinion of the court.

E. B. Dabney died intestate leaving a small estate consisting of a stock of merchandise and seventy-four dollars on deposit in a bank. W. W. Dabney was appointed and qualified as administrator of the estate, and, upon the petition of the said administrator, the stock of merchandise and the fixtures were sold for the sum of six hundred ten dollars, which, together with the money on deposit in the bank, gave a total of six hundred eighty-four dollars available for the payment of the debts of the estate of the decedent.

Prior to the death of the said E. B. Dabney the appellee, Continental Jewelry Company, secured a judgment against him which was duly enrolled. No execution was issued upon this judgment, and, at the time of the decedent's death, there was a balance of one hundred eighty-six dollars, with interest, due thereon. After the sale of the personal property, the appellee filed a petition in the administration proceedings setting up the foregoing facts, and charging that it was the purpose of the administrator to pay out of the assets of the estate the rent due on a storehouse, costs of administration, funeral expenses, and expenses of decedent's last illness, which would exhaust the estate leaving nothing to pay the balance due on the said enrolled judgment, and praying that the court direct the administrator to pay the balance due on this judgment in preference to the expenses of administration, last illness, and funeral. The administrator answered the petition admitting the facts charged, and the insolvency of the estate, but denying that the judgment creditor was entitled to have its judgment satisfied out of the assets of the estate before the rent, costs of administration, including commissions and attorney's fees, expenses of last illness, and funeral expenses have been paid.

The court rendered a decree directing that after first paying the court costs and rent due on the building in which decedent's stock of merchandise and fixtures were located, and solicitor's fees and commissions allowed to the administrator, the administrator pay the judgment of the appellee, and then apply any remaining funds toward the payment of the expenses of last illness and funeral expenses. From this decree, the administrator prosecuted this appeal and assigns as error the action of the court below in directing the administrator to pay appellee's judgment before the payment of the expenses of last illness and the funeral.

The only question presented for decision is whether or not the expenses of last illness and funeral expenses constitute a preference claim over the claim of a judgment creditor whose judgment has been duly enrolled, but upon which execution has not been issued and levied. So far as we are advised by counsel and by our own independent research, this exact point has not been heretofore decided by this court, and the answer to the question must be found by a consideration of our statutes and decisions of the court on analogous statutes.

Section 1724, Code 1930, which prescribes the procedure in cases of insolvent estates, provides, in part, that: "If it appear to the court that the estate is insolvent, it shall make an order for the sale of all the property; and the proceeds of such sale, and all other assets, shall be equally distributed among all the creditors whose claims shall be duly filed and established, in proportion to the sums due and owing to them respectively, the expenses of the last sickness, for the funeral, and for the administration, including commissions, being first paid; but before any decree for sale is made, the devisees or heirs shall be made parties to the proceeding."

Section 610, Code 1930, provides for the enrollment of judgments in the office of the clerk of the circuit court, while section 611, Code 1930, provides that: "A judg-

ment so enrolled shall be a lien upon and bind all the property of the defendant within the county where so enrolled, from the rendition thereof, and shall have priority according to the order of such enrollment, in favor of the judgment creditor, his representatives or assigns, against the judgment debtor, and all persons claiming the property under him after the rendition of the judgment; and a judgment shall not be a lien on any property of the defendent thereto unless the same be enrolled.''

In the case of the First National Bank v. Donald, 112 Miss. 681, 73 So. 723, 724, the court had under consideration the question of whether or not the lien of an enrolled judgment against the decedent was superior to the widow's allowance, provided for in section 1664, Code 1930, and it was held that the right of the widow to a year's provisions or support was superior to such a judgment. The statute there under consideration, and which granted to the widow, or the widow and children, who were being supported by the decedent, one year's provision, is, in part, as follows: ''It shall be the duty of the appraisers to set apart out of the effects of the decedent, for his widow and children who were being supported by him, or for the widow if there be no such children, or for such children if there be no widow, one year's provision, including such provision as may be embraced in the exempt property set apart; and if there be no provisions, or an insufficient amount, the appraiser shall allow money in lieu thereof or in addition thereto necessary for the comfortable support of the widow and children, or widow or children, as the case may be, for one year.'' In the Donald case, supra, in discussing the force and effect of a judgment lien, the court said that: ''The force of a judgment lien must depend upon the statute which gives it. No execution and levy under the judgment lien having been had here, we do not hesitate to say that the lien is general, and not specific. The lien

may be said to be a 'recorded debt,' binding the property of the defendant against him and all persons claiming the property under him after rendition and enrollment,'' and held that the right of a widow to a year's provision was in the nature of an exemption as there defined; that is, ''a right or privilege by law to have and to hold the property free from all liability to levy and sale on execution or attachment.''

The right of priority over judgment liens of the claim of the widow or the children to one year's support as conferred by section 1664, Code 1930, is in no way different or superior to the right of preference payment of claims for expenses of last illness and funeral expenses as conferred by section 1724, Code 1930. By the latter statute it is expressly provided that, when the estate is insolvent, the expenses of last sickness and sepulture, along with costs of administration, including commissions, shall be first paid; and this benevolent statutory provision makes the right to payment of such expenses superior to the rights of general lien creditors.

The decree of the court below will, therefore, be reversed, and a decree will be entered here directing the administrator to pay such expenses before payment of the judgment lien.

Reversed, and judgment for appellant.