LAKE *v.* MORSON.

(Division A. Jan. 9, 1933.)

[145 So. 337. No. 30324.]

**Wynn & Hafter** and **J. A. Lake,** all of Greenville, for appellant.

Wasson & Wasson, of Greenville, for appellee.

Argued orally by **J. A. Lake**, for appellant.

**Cook, J.,** delivered the opinion of the court.

The appellant began this suit by filing before a justice of the peace of Washington county an affidavit for an attachment for rent. Upon this affidavit a writ was issued and levied on certain personal property found on premises previously leased by the appellant to one J. E. Conner, and this property was advertised for sale. Thereafter, and prior to the sale of the property so advertised, the appellee, J. A. Morson, filed with the constable an affidavit in statutory form claiming to be the owner of the property levied on. This affidavit and all other papers filed in the matter were returned by the constable to the county court, and there a claimant's issue was made up and tried, and on a directed verdict a judgment was returned in favor of the claimant. From that judgment an appeal was prosecuted to the circuit court, where the judgment was affirmed, and from the judgment of the circuit court this appeal was prosecuted.

Upon the trial of the issues presented, the appellee claimed title to the property involved under and by virtue of certain deeds of trust executed by the tenant, J. E. Conner, to secure an indebtedness due him, and trustee's deeds conveying the property to him after proper foreclosure of these deeds of trust.

The appellant asserted the right to subject the property to the payment of rent in arrears, by distress proceedings, under and by virtue of an alleged equitable lien created thereon by certain provisions of the lease contract between her and the tenant Conner.

By written contract, the appellant leased to the said J. E. Conner certain premises for the purpose of operating thereon a gasoline filling station and a garage, for a term of years at a monthly rental of one hundred fifty dollars evidenced by promissory notes, one payable each month during the term of the lease contract; and it was provided in this contract that: ''As security for said rent notes and rent heretofore called for, the lessees covenant and agree that they will not remove any machinery, equipment or merchandise from said property other than in the ordinary course of business, as long as any rent called for under said lease remains unpaid. Provided, further, however. that should the lessees desire to replace or exchange any equipment or fixtures which they may place on said building, they may do so at any time, provided the machinery and equipment placed on said property shall be of equal value to the machinery or equipment removed.''

The appellant does not base her asserted prior right to subject the property to the payment of rent by this distress proceeding on any statutory or legal lien, but solely upon an alleged equitable lien created by the covenants and agreements of the lessee not to remove the particular property from the leased premises as long as any rent called for under said lease remained unpaid. It has been repeatedly held by this court that a landlord has no lien upon his tenant's goods, other than agricultural products, before distress for rent. Engleburg v. Tonkel, 140 Miss. 513, 106 So. 447, and authorities there cited. It is not, and could not successfully be, contended that the contract relied upon in support of this action

expressly creates a lien cognizable in a court of law. As to whether or not the provisions of the lease contract obligating the lessee not to remove any machinery, equipment, or merchandise from the leased premises, other than in the ordinary course of business, but providing that any of the equipment and fixtures might be replaced or exchanged, provided other machinery and equipment of value was placed on the property, created a lien enforceable in a court of equity, we will express no opinion. If it be conceded that by this provision of the lease contract there was created an equitable lien, it is not enforceable by the purely statutory remedy of distress for rent, as provided by chapter 43, Code 1930 (sections 2175-2237). The judgment of the court below will therefore be affirmed.

Affirmed.