WALKER *et al.* v. FIRST NAT. BANK *et al.*

(Division B. Jan. 8, 1934. Suggestion of Error Overruled Feb. 5, 1934.)

[151 So. 740. No. 30961.]

**Magruder, Walker & Magruder,** of Starkville, for appellants.

McClellan & **Tubb**, of West Point, for appellants.

**J. E. Hamlin,** of West Point, for appellees.

**Frank A. Critz,** of West Point, for appellees.

**Griffith, J.,** delivered the opinion of the court.

The sole question in this case is whether, in an insolvent estate, the amount due to a landlord for the rent of a store building occupied by the decedent prior to his death is to be preferred, in the distribution of the estate, over claims for the expenses of the last sickness, for the funeral and for the administration, the administrator having taken over the goods of the decedent in the store building and having sold them all under order of the court.

Appellant, the landlord, relies upon section 2175, Code 1930, which provides that the goods and chattels in rented premises shall not be taken under execution or other process unless all unpaid rent shall first be paid to the

landlord; and upon Epstein v. Farr, 112 Miss. 530, 73 So. 572, wherein it was held that the landlord in the case of an insolvent estate had the right to have his claim for rent, in arrears for a storehouse, paid in preference to the general creditors. And appellees rely upon section 1724, Code 1930, which provides that in the distribution of an insolvent estate the expenses of the last sickness, for the funeral and for the administration, including commissions, shall be first paid; and upon Dabney v. Continental Jewelry Co., 163 Miss. 1, 140 So. 338, where it was held that the expenses of the last illness and funeral are preferred over the lien of an enrolled judgment.

If section 2175, Code 1930, gave a specific lien upon the goods and chattels in the leased building, equivalent, for instance, to that of a valid mortgage lien on that specific property, it may be conceded for the sake of the argument that the position of appellant landlord would be maintainable; but in White v. Miazza-Woods Const. Co., 122 Miss. 213, 84 So. 181, and in Engleburg v. Tonkel, 140 Miss. 513, 106 So. 447, it was held that section 2175, Code 1930, which is in substantially the same language as in previous Codes, does not give the landlord a lien on the property on or in the leased premises for his rent. If then, as held in Dabney v. Continental Jewelry Co., supra, the expense of the last sickness, the funeral, and the administration is superior to the lien of an enrolled judgment, it must follow that such expenses are superior to the rent due to a landlord, which is no lien.

The rent due to a landlord for a store from which the administrator has removed or sold the goods is a claim superior in rank to that of general creditors, but is inferior to that to be allowed for the expenses of the last illness, funeral, and administration.

Affirmed.