A. W. GILCHRIST, GOVERNOR, FOR USE &c., *Plaintiff in Error,* v. G. W. JEFFCOAT, ADM'R., *et al, Defendants in Error.*

Where the husband takes out a policy of insurance on his life made payable to his wife and providing that if he survive her the proceeds of the policy shall be payable to him, and he dies without transferring or assigning or bequeathing the policy, leaving no wife or children surviving him, the proceeds of the policy are subject to his debts.

Appealed from the Circuit Court for Madison County.

The facts in the case are stated in the opinion of the court.

*R. H. Rowe,* for Plaintiff in Error;

*Hendry & McKinnon,* for Defendants in Error.

WHITFIELD, C. J.—An action was brought upon the adminsitrator's bond for his failure to pay a creditor of F. J. Jeffcoat, deceased, from the proceeds of a life insurance policy on the life of the decendent.

The policy was payable to the wife of the decedent, but provided that if the assured survived the beneficiary named, the proceeds should be payable to the assured. The beneficiary wife died before the insured husband and he left no children or wife.

In overruling demurrers. to a plea, the court in effect held that the proceeds of the insurance policy were not subject to the decedent's debts.

Section 3154, General Statutes of 1906, provides that:

"Whenever any person shall die in this State leaving insurance on his life the said insurance shall inure exclusively to the benefit of the child or children and husband or wife of such person in equal portions, or to any person or persons for whose use and benefit such insurance is declared in the policy; and the proceeds thereof shall in no case be liable to attachment, garnishment, or any legal process in favor of any creditor or creditors of the person whose life is so insured, unless the insurance policy declares that the policy was effected for the benefit of such creditor or creditors; Provided, however, That whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured, his or her executors, administrators, or assigns the proceeds of the insurance may be bequeathed by the insured to any person or persons whatsoever or for any uses in like manner as he or she may bequeath or devise any other property or effects of which he or she may be possessed, and which shall be subject to disposition by last will and testament."

"Under this statute, as against the wife and children of the insured, or as against any other person for whose use and benefit said insurance is declared in the policy, the creditor cannot claim." Eppinger, Russell & Co. v. Canepa, 20 Fla. 262. The purpose of the statute is to

provide for the wife and children of the insured and not primarily to exclude creditors where there is no wife or children or persons specially designated as beneficiary. See McLean v. Fisher, 60 Fla. 331, 53 So. 614.

In this case the wife having died and the policy being then payable to the assured, who at his death had no wife or children, and had not assigned, transferred or devised the policy, the above statute does not apply to exclude creditors, and the proceeds of the policy are a part of the deceased husband's general property by virtue of the provision of the policy making it payable to him on the death of the beneficiary wife; and the same result would follow by virtue of the statute of descents making the husband the heir of the wife, there being no children. The policy is subject to the decedent's debts.

The judgment is reversed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.