## In re TURNER.

### SEAY et ux. v. McCAUGHEY.

District Court, S. D. Mississippi, S. D.
Dec. 22, 1934.

Luther A. Smith, of Hattiesburg, Miss., for petitioner.

Hannah & Simrall, of Hattiesburg, Miss., for trustee.

HOLMES, District Judge.

The referee allowed petitioners' claim for damages respecting a contract for future rents, but denied priority of payment. The sole question presented by the petition to review is the correctness of this ruling. It involves a construction of clause 7, par. a, § 103, title 11, USCA, providing what debts may be proved against the estate of a bankrupt; of clause 7, par. b, § 104, title 11, US CA, designating the debts to have priority in advance of payment of dividends to creditors and fixing the order of payment; and of section 2175 of the Mississippi Code of 1930, forbidding the removal from leased premises of goods or chattels by virtue of any writ of execution or other process whatever without paying or tendering all of the unpaid rent, whether due or not, provided it shall not amount to more than one year's rent.

In Mississippi, the landlord has no legal lien on the tenant's goods, other than agricultural products, lying or being upon leased premises before seizure, but has an equitable claim for unpaid rent where the right to distrain is defeated by execution or other process. Rice v. Harris, 76 Miss. 422, 24 So. 880; Epstein v. Farr, 112 Miss. 530, 73 So. 572; White v. Miazza-Woods Const. Co., 122 Miss. 213, 84 So. 181; Engleburg v. Tonkel, 140 Miss. 513, 106 So. 447.

In Williams v. Noble (C. C. A. 5, 1932) 55 F.(2d) 658, a claim for future rent for the unexpired term of the lease was denied by the bankruptcy court, because it was not provable under the then existing Bankruptcy Act, and there was no legal lien upon

property which the trustee had taken into his possession or sold. In the case of In re Wall (D. C.) 60 F.(2d) 573, 577, the distinction between a claim for future rent and one for rent accrued at the time of adjudication was pointed out, and the trustee held liable to pay the accrued rent out of the proceeds of goods on the leased premises which he had seized and sold. This ruling was based on section 2175 of the Mississippi Code of 1930, which aims to protect the landlord in the payment of his rent, and forbids the removal of the property by any writ of execution "or other process whatever," without paying or tendering all of the unpaid rent for a period of not exceeding one year. Upon the question of liability of the trustee to recognize the equitable claim, the court said:

"It being clear that the right of the landlord, under the statute, to have the rent paid out of the proceeds of sale of goods of the tenant, seized on the leased premises under writ of execution or other process, is preserved inviolate both at law and in equity under the state decisions, if we turn to the federal authorities, we shall find 'throughout the judicial history of bankruptcy statutes, that a bankruptcy proceeding has been variously termed "a statutory execution," "an equitable execution," "the equivalent of an execution," "in effect an attachment and injunction," and has been uniformly regarded, in essence, though not in form, an execution which draws to itself for enforcement, by reason of section 64b, cl. 5 (now clause 7), of the Bankruptcy Act (11 USCA § 104(b) (7), such priorities as are accorded landlords in the distribution of proceeds of execution sales by the law of the state in which the bankruptcy proceeding is being carried on.' The quotation is from Rosenblum v. Uber (C. C. A. 3, 1919) 256 F. 584, 594, wherein it was held, under a Pennsylvania statute practically identical in effect with ours, that under the Bankruptcy Act the landlord was entitled to priority of payment of rent in arrear, not exceeding one year, out of the proceeds of the sale of such goods by the trustee in bankruptcy. The Mississippi statute is broader than Pennsylvania's, as it uses the words 'or other process whatever' in addition to the words 'taken by virtue of any writ of execution.'

"In Bank of Hattiesburg v. Carter (C. C. A. 5, 1916) 232 F. 127, 36 A. B. R. 749, our Court of Appeals gave effect to the identical Mississippi statute which we are considering, and permitted a landlord's claim for rent out of the proceeds of property found on the demised premises, which had been sold by the trustee in bankruptcy, to be accorded priority and to prevail over a mortgagee whose lien was not given for a present consideration. The case is noted for whatever it may be worth. It is not a factor in my decision, because the trustee was not made a party before the referee or the trial judge, and in the Court of Appeals his interests were ignored. However, the next case cited is free from criticism, has not been distinguished, and I think should settle the case at bar.

"In Longstreth v. Pennock (1874) 87 U. S. (20 Wall.) 575, 577, 22 L. Ed. 451, the Supreme Court, under a former bankruptcy act, held that the Pennsylvania statute above mentioned entitled the landlord to be paid out of the proceeds of goods taken and sold by the assignee in bankruptcy. The court held that the assignee acquired his title to the movable property found on the demised premises, subject to the rights of all other persons (citing Gibson v. Warden [1871] 14 Wall. 244–248, 20 L. Ed. 797); that the property upon the premises was more than sufficient to satisfy the demand; that, before commencement of the bankruptcy proceedings, the landlord might have distrained; that the statute of Pennsylvania provided that, where property in such circumstances was seized and sold under execution, the rent due for a period not exceeding one year should be paid first out of the proceeds of the sale; that the landlord's claim was within the equity of that statute; and that the question presented was one belonging to the local law of Pennsylvania. It is quite useless to analyze other decisions. Cases like In re Hoover (D. C., 1902) 113 F. 136, are not in point, because the landlord had distrained before bankruptcy, but the following are, and uphold the priority of the landlord as to accrued rent: In re Potee Brick Co. (D. C., 1910) 179 F. 525, 529; In re Federal Biscuit Co. (C. C. A., 1914) 218 F. 753; In re Spies-Alper Co. (D. C., 1916) 231 F. 535, 36 A. B. R. 470; In re Braus (D. C., 1916) 233 F. 835; In re Delaney (D. C., 1918) 251 F. 425; Bennett's Estate v. Sproul (C. C. A., 1930) 42 F.(2d) 33."

Subsequent to all of these decisions came the amendment of June 7, 1934, 11 USCA 103(a)(7), which permits claims for damages respecting executory contracts, including future rents, to be proved against bankruptcy estates. Notwithstanding this amendment, the referee denied priority of payment of petitioners' claim, because, he

said, it was not a claim for rent but for damages for failure to perform a rental contract. The argument is that, the trustee having rejected the lease, there can be no rent. This seems to be a mere play upon words, too insubstantial for workaday courts striving for the practical administration of justice. The amendment tends to equitable results, where, as in this instance, rental values have declined and the unexpired lease has been rejected by the trustee. It allows the landlord to prove damages for the difference between contractual and depreciated rental values of real estate, but only for a limited term and for a limited amount.

If we examine the state statute (section 2175, Mississippi Code 1930), we find that it makes no distinction between unpaid rent accrued and that to accrue at a future date, but specifically says: "All the unpaid rent for the said premises, whether the date of payment shall have come or not, provided [and this is the sole limitation] it shall not amount to more than one year's rent." The benefit of this statute for the protection of landlords is preserved against the trustee in bankruptcy by the Bankruptcy Act, setting forth the debts to have priority in advance of the payment of dividends to creditors, as debts owing to any person who by the laws of the states or of the United States is entitled to priority. 11 USCA 104 (b)(7).

■■ It is agreed that $850 was the amount of damages resulting from the rejection by the trustee of the unexpired lease in this case, but it appears that the lease was to run to the end of the year 1935, which is beyond the year next succeeding the date of the surrender of the premises. The allowance of the claim for the full amount of damages was excessive. Priority of payment should be for a still smaller sum, because, while the claim is provable generally for an amount not "exceeding the rent reserved by the lease, without acceleration, for the year next succeeding the date of the surrender of the premises plus an amount equal to the unpaid rent accrued to said date," the claim is only entitled to priority of payment for not exceeding one year's rent, whether due or to become due. All rents due under the lease had been paid by the tenant up to July 1, 1934. The petition in bankruptcy was filed on July 28, 1934, which cut off the inchoate right of the landlord to distrain for rent. Subsequently the trustee seized the property upon the leased premises, and sold it for more than enough to satisfy petitioners' claim and all other

claims entitled to priority. The Mississippi statute, which is recognized in bankruptcy proceedings in this court, entitles petitioners to claim rent accrued and damages respecting future rent for a period not exceeding one year from July 1, 1934. In this case the rent was paid by the trustee and the purchaser at the trustee's sale from July 1 to October 1, 1934. The claimants are entitled to priority of payment for the damages resulting from the trustee's rejection of the unexpired portion of the lease for the term beginning October 1, 1934, and ending June 30, 1935.

The order of the referee is reversed, and the entire matter remanded to him for further proceedings not inconsistent with this opinion.