24785. SQUIRE, administrator, *v.* VAZQUEZ *et al.*

DECIDED DECEMBER 9, 1935.

*Abram Levy, George Hains,* for plaintiff in error.
*Sutherland, Tuttle & Brennan,* contra.

SUTTON, J. The sole question brought to this court for review under the bill of exceptions in this case is whether the judge properly overruled a demurrer filed by the administrator of the estate of Genaro Vazquez to a pleading filed by Julio, Felix, Enrique, and Rafael Vazquez, as next of kin and heirs of the said deceased, in which they alleged that they were entitled to inherit the personal estate left by Genaro Vazquez. The grounds of the demurrer were that no case was made out by the pleading, and that under the laws of Georgia (Code of 1910, §§ 3029, 3030; Code of

1933, §§ 113-904, 113-905) "only children of the same mother can inherit from a bastard."

1. It is the law of every country where law has the semblance of science that personal property has no locality. If the owner of personal property dies, it is not necessarily the law of the country in which the property is or in which the owner thereof dies, but the law of the country or State of the domicile of the deceased, that will regulate the disposition, transmission, or succession of such property. It is a part of the law prevailing in Georgia that personal property should be distributed according to the jus domicilii. *Latine* v. *Clements,* 3 *Ga.* 432; *Grote* v. *Pace,* 71 *Ga.* 231; 1 H. Bla. 690; Story's Conf. L. §§ 376-380.

2. Accordingly, the trial judge did not err in overruling the demurrer of the administrator to the pleading filed in this case, in which it was alleged that Genaro Vazquez was a citizen of the United States, domiciled in Puerto Rico, but temporarily in Augusta, Georgia, at the time of his death, that his estate consisted of certain personalty, that the four named claimants were his natural, but illegitimate, half-blood brothers by the same father, that the deceased was the natural, but illegitimate, son of Julio Vazquez and Juana Ortiz, he having never married Juana Ortiz but having lived with her as if she was his legal wife and having recognized the deceased as his son, that Juana Ortiz is now dead, leaving no other child than Genaro, that claimants are the natural or bastard children of Julio Vazquez by Inocencia Vazquez, with whom Julio Vazquez lived as man and wife after he severed such like relationship with Juana Ortiz, that Julio Vazquez also is dead, that the inheritance laws of Puerto Rico, rather than those of the State of Georgia, govern the distribution of the personal estate left by Genaro Vazquez, and that under those laws, where a father has recognized illegitimate children as his own, illegitimate children of one mother can inherit from the deceased illegitimate child of another woman who had lived with their deceased common father, though not his wife, where such deceased illegitimate child died without issue, spouse, or mother.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*