27806. McDANIEL *v.* KELLEY, administratrix.

DECIDED NOVEMBER 4, 1939. REHEARING DENIED NOVEMBER 24, 1939.

106

*Ellis L. Cone, Jones, Fuller & Clapp,* for plaintiff in error.
*Marvin A. Allison,* contra.

SUTTON, J.   John C. McDaniel died testate in Gwinnett County in the year 1909, leaving a widow, a son, and a daughter, both children being of age.   He devised all of his property to his widow, Frances Bartow McDaniel, during her life or widowhood, with the remainder over to his son and his daughter, except his gin-house property, which was to be sold and the proceeds divided equally between the two children.   The will was probated in solemn form, the son being the executor, and the estate was administered as provided therein, and another tract of land was sold by agreement between the widow and the children and the proceeds therefrom were also divided between the son and daughter.   The widow took and held the balance of the estate, which consisted mainly of a 200-acre farm, until her death in 1938, and she had the management of and received the rents and profits from this property until her death.   Upon the death of the widow in 1938, her daughter, Mrs. Mary Lou Kelley, was appointed administratrix, and as such made application for a year's support for her deceased mother. Appraisers were appointed and made their return, setting apart certain property of the value of $2000 as a year's support for the deceased widow.   The son, D. P. McDaniel, filed a caveat to the application and return, setting up in substance (1) that there is no authority or provision under the law of this State for a year's support to be set apart to a deceased widow; (2) that, by reason of the failure of the widow to apply for a year's support during her lifetime and the acceptance by her of a life estate under the will, she is conclusively presumed to have elected to take a life interest in lieu of a year's support; (3) that more than twenty years have elapsed since the death of John C. McDaniel, and the right to claim a year's support from his estate is barred by the statute of limitations.   The return of the appraisers was admitted to record by the ordinary, and the case was appealed to the superior court where all the issues of law and fact were tried before the judge without the intervention of a jury.   The judge found in favor of the year's support, and the exception here is to that judgment.

1. Code, § 113-1002, provides: "Among the necessary expenses of administration, and to be preferred before all other debts, except as otherwise specially provided, is the provision for the support of the family, to be ascertained as follows: Upon the death of any person testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if there is one, and if none, without notice), to appoint five discreet appraisers; and it shall be the duty of such appraisers, or a majority of them, to set apart and assign to such widow and children, or children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of 12 months from the date of administration. . ." The right to a year's support vests in the widow and minor children, if any, immediately upon the death of the husband. *Swain* v. *Stewart*, 98 *Ga.* 366 (25 S. E. 831) ; *Miller* v. *Miller,* 105 *Ga.* 305 (31 S. E. 186) ; *Backer* v. *City Bank & Trust Co.,* 180 *Ga.* 672 (180 S. E. 604, 108 A. L. R. 769). The husband left a widow, but no minor children, in the case at bar, and the question is whether the administratrix of the deceased widow was entitled to have a year's support set apart to her estate, under the law and the facts as here presented. There is a statement in *Brown* v. *Joiner,* 77 *Ga.* 232 (3 S. E. 157), to the effect that the right to have a twelve-months' support set apart to the widow survives to her administrator, and that he may apply to the ordinary to have this allowance made in as complete a manner as the widow could have done were she in life. But it was held in *Ehrlich* v. *Silverstein,* 121 *Ga.* 54 (48 S. E. 703), that this language in the *Brown* case was obiter dictum, as no such question was before the court. And then in *Brown* v. *Joiner,* 80 *Ga.* 486 (5 S. E. 497), when the case was again before the Supreme Court, it was held that the administrator of the deceased widow had the right to make the application for a year's support before the remittitur in the first *Brown* case was made the judgment of the lower court. We find no case decided by this court or the Supreme Court where a year's support was granted on the application of the representative of a deceased widow or minor child. Assuming, but not deciding, that this may

be done under certain circumstances (in view of the language used by the Supreme Court in *Brown* v. *Joiner,* supra), the present case will be decided on the other assignments of error here presented.

2. Under the will in the present case the widow was given a life estate in all of the property of her deceased husband, except as above stated, and she took charge of this property soon after his death and received the rents, uses, and benefits therefrom until the time of her death, covering a period of some twenty-nine years. She made no application for a year's support, nor did she express any intention of making such application. It is true she would have been entitled to a year's support notwithstanding the fact that she was given a life estate under the will. It was said in *Ehrlich* v. *Silverstein,* supra: "So, while a widow has a vested right to have a year's support set apart to her out of the estate of her husband, she is not compelled to avail herself of that right." It was held in that case: "Where an intestate dies leaving as his only estate property which has been set aside under the provisions of article 9, section 1, of the constitution (Civil Code, § 5912) [Code of 1933, § 2-7201], as a homestead for the benefit of himself and family, and his widow lives upon the property for several months until her death, without making an application for a year's support out of the property or indicating any intention to do so, she will be held to have elected to take the homestead in the property, rather than the year's support; and her executor can not have the property set apart as a year's support to her estate under the provisions of the Civil Code, § 3465 [Code of 1933, § 113-1002]." (Citing.) And in *Culpepper* v. *Crane,* 139 *Ga.* 665 (77 S. E. 1058), it was held: "Where a husband as the head of a family has a homestead set apart for himself and wife, and the widow after his death continues upon the property constituting the homestead for a great number of years (more than twenty years in the present case), enjoying during that period the rents, issues, and profits of the homestead, she will not be allowed, after the expiration of such a time, to take a year's support out of the homestead property, but will be conclusively presumed to have made an election in favor of the enjoyment of the homestead as such, and against the right to have a year's support set apart to her." In the circumstances of the present case it will be conclusively presumed that the widow elected to take a life estate under the will, instead of a

year's support, and having so elected it would not be equitable and right for her administratrix to come in after her death and have a year's support set apart to her estate out of the husband's estate.

3. It is contended by the plaintiff in error that the right to claim a year's support must be asserted within twenty years from the time the right accrued, or it will be barred by the statute of limitations. The right of a widow to a year's support is a statutory right (Code, § 113-1002), and did not exist at common law. *Goss* v. *Harris,* 117 *Ga.* 345, 349 (43 S. E. 734). See act 1838, Cobb, 296, and the other acts as cited under Code, § 113-1002. The Code, § 3-704, declares: "All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law, shall be brought within 20 years after the right of action shall have accrued." It was said in *Bigby* v. *Douglas,* 123 *Ga.* 635, 637, 639 (51 S. E. 606): "The evident purpose of this section is to fix a period of limitation for special cases not provided for by the general statute of limitations, or otherwise, where rights accruing to 'individuals' are sought to be enforced. A statutory liability is one that depends for its existence upon the enactment of a statute, and not upon the contract of the parties. . . The rights referred to were such as could be asserted by certain persons, not in their capacity as members of the public who came within the protection of a general law, but as particular 'individuals' who were by special enactment expressly designated by name, or who belonged to a designated class to the members of which, but to none others, such rights might accrue 'under statutes, acts of incorporation, or by operation of law.'" See also *Savannah Canal Co.* v. *Shuman,* 98 *Ga.* 171 (25 S. E. 415); *Williams* v. *Clemons,* 178 *Ga.* 619, 620 (173 S. E. 718). The right of the widow to a year's support accrued immediately upon the death of her husband in 1909, but she lived for some twenty-nine years thereafter without making an application for a year's support. Her administratrix filed such application on August 5, 1938. Applying the above principles of law to the facts of this case, we think the application for a year's support was barred by the statute of limitations.

4. The court erred in rendering a judgment finding in favor of a year's support, as held in divisions 2 and 3 of the above opinion.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

FELTON, J., concurring specially. I concur in the judgment, for the reason that the claim was barred after twenty years. The widow in this case had only the right to one year's support. The estate was not held together as contemplated by law so as to authorize the grant of a second year's support, and the claim here could not be said to be within the statute of limitations by reason of being based on the right to claim a second year's support. I do not think that under the facts here the widow could be said to have elected between a life estate and a year's support.