### SEIDEN et al. v. SOUTHLAND CHENILLES', Inc.

#### No. 13758.

United States Court of Appeals
Fifth Circuit.

March 22, 1952.

Russell, Circuit Judge, dissented.

Frank M. Gleason, Rossville, Ga., for appellants.

R. Carter Pittman, Dalton, Ga., Sam J. McAllester, Jr., Chattanooga, Tenn., Walter B. Shaw, LaFayette, Ga., for appellee.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

■ The appellants are interested parties, and should be permitted to intervene in this case, regardless of whether the widow's support for one year has been validly set aside to her or not. Undoubtedly the widow is entitled to a year's support under the laws of either Georgia or Tennessee, provided the deceased husband left any property out of which, or the proceeds of which, it may be set aside to her. If the intervention of a bankruptcy proceeding prevents appropriate action by the state court having jurisdiction, then the bankruptcy court, which exercises equitable jurisdiction, should act, and do that which ought to have been done.

It would be unconscionable for a court of bankruptcy, upon the death of the husband, to take possession of all his assets without setting aside his exempt property to those entitled to it, and without allowing the widow a year's support, in accordance with state law. If a decedent leaves nothing but corporate stock, and it has any value, the stock may be set aside to her, or it may be sold and a proper allowance made to her out of the proceeds. Equity never does things by halves, and neither does bankruptcy. An adjudication in bankruptcy is a caveat to all the world that the property of the bankrupt is subject to the jurisdiction of the bankruptcy court, which will hear the claims of all interested parties, including lien creditors though valid liens are not affected by bankruptcy. Muller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405.

■ Moreover, it is the duty of the bankruptcy court, of its own motion, to look into its jurisdiction whenever the question is raised and the court regards it as a serious one. If the allegations of the petition to intervene are true, the pretended election of corporate officers and directors, following the death of the decedent, was a sham and fraud, which vitiate the adjudication in bankruptcy. The petition alleges that the corporation is not insolvent; that it has assets in excess of its liabilities if the illegal claims are cancelled; and that the voluntary petition in bankruptcy was not the act

of the corporation, but was supported by a purported resolution of the board of directors that was fraudulently obtained.

■ There are many sound legal and equitable reasons for the bankruptcy court's allowing the widow a year's support out of the estate of her deceased husband, but perhaps the best is a federal statutory one, which establishes the widow's right in bankruptcy to this humane allowance, in accordance with state exemption statutes, without any precedent state-court order. It is the state law, reinforced by federal law, not the order of a state court, that furnishes the authority for the allowance by the bankruptcy court. 11 U.S.C.A. § 24. The state statute creates the right; the federal statute authorizes and requires the bankruptcy court to allow the claim. After adjudication, a state court cannot acquire jurisdiction of the *res* in bankruptcy without the consent of the bankruptcy court.

Collier on Bankruptcy, 14th Edition, Vol. 3, Sec. 63.03, page 1767, says: "The broad equity powers vested in bankruptcy courts permit the admission to proof and the allowance of claims based on principles of equity and also the disallowance of claims on equitable grounds." For a summary of equity powers of courts of bankruptcy, see Pepper v. Litton, 308 U.S. 295, 304, 60 S. Ct. 238, 84 L.Ed. 281. In re Van Winkle, D.C., 49 F.Supp. 711, 713, 714, the court said: "Equitable liens are recognized in bankruptcy proceedings as well as common law liens and statutory liens." In re Wall, D.C., 60 F.2d 573, the court said: "landlord has equity claim on tenant's goods on premises where right to distrain is defeated by execution." In re Turner, D.C., 9 F. Supp. 225, an equitable claim for rent was given priority under Sec. 104, sub. b (7), Title 11 U.S.C.A.

As to the Tennessee law on setting aside a year's support for a widow, Williams' Tennessee Code provides:

Section 8231: "Upon the application of the widow of an intestate, or of a widow who dissents from her husband's will, the county court shall appoint three freeholders, unconnected with her either by consanguinity or affinity, who, being first duly sworn to act impartially, shall set apart so much of the crop, stock, provisions, moneys on hand or due, or other assets, as may be necessary for the support of such widow and her family until the expiration of one year after the decease of her husband."

Section 8232: "The moneys and effects so set apart shall be the absolute property of the widow for said uses, and shall not be taken into the account of the administration of the estate of said intestate, nor seized upon any precept or execution."

The following decisions are under the above statutes: Hyder v. Hyder, 16 Tenn. App. 64, 66 S.W.2d 235, 243: "Property set apart for the year's support is in no wise subject to the debts of the deceased." Redmon v. Fuller, 23 Tenn.App. 623, 136 S.W.2d 724, 725, 726: The statutory allowance of year's support for decedent's widow is made irrespective of condition of his estate as to solvency or insolvency. Crenshaw v. Moore, 124 Tenn. 528, 137 S. W. 924, 34 L.R.A.,N.S., 1161: The statutes setting aside a year's support to the widow are to be construed as exemption statutes.

As to the Georgia law, see Title 113, Ga. Code Ann. Sec. 1002, which provides for one year's support of the widow or minor children upon the death of any person testate or intestate, leaving an estate solvent or insolvent. McDaniel v. Kelley, 61 Ga. App. 105, 5 S.E.2d 672: The right to a year's support vests in a widow and minor children, if any, immediately upon the death of the husband. Mashburn v. Mashburn, 64 Ga.App. 388, 13 S.E.2d 190: Right of widow of decedent to a year's support is a "vested" right, and the courts are jealous of any attempt to encroach upon it. House v. House, 191 Ga. 678, 13 S.E.2d 817: Under express statutory provision, the claim for support of decedent's family ranks first against his estate, and is superior to all claims against decedent's real estate except the lien of a purchase-money mortgage. In re Dicks, D.C., 198 F. 293 (a case arising in Georgia), the district court held that, since the title of the bankrupt cast on the trustee by bankruptcy law is not an absolute one, but for distribution to pay debts, the

rank and priority of which is generally determined by the law of the state, where a bankrupt died shortly after adjudication, his bankruptcy did not deprive the widow and minor children of their right to a year's support. This decision was affirmed in Hull v. Dicks, 235 U.S. 584, 35 S.Ct. 152, 59 L.Ed. 372.

True, it is the corporation that is in bankruptcy, not the deceased husband of petitioner; but at the time of his death the husband owned stock in the corporation, which is the alleged bankrupt; and the husband's estate now owns that stock of which he died seized and possessed. It is also true that the stockholders of a corporation are the equitable owners of the property of a corporation, subject to the rights of creditors. Therefore, unless the corporation is insolvent, the husband at the time of his death was the equitable owner of corporate assets upon which his widow has a preferred claim for a year's support under the substantive law of Tennessee or Georgia, dependent upon the particular facts of this case. Yet it is said that she should not even be heard in a court of bankruptcy, which is also a court of equity, to prove that the corporation is not insolvent but has been fraudulently caused to be adjudged a bankrupt. This is tantamount to saying that a legal claim, which is entitled to priority under state law, may not be asserted against equitable assets in a court of bankruptcy, which exercises equitable jurisdiction.

Since the husband at the time of his death was a resident of Tennessee, there is no disagreement among the members of this court as to the invalidity for present purposes of the probate proceedings in a state court of Georgia. We also concur in the opinion that the substantive rights of the widow for a year's support are governed by the laws of Tennessee. What we disagree about is the power of the bankruptcy court to make the allowance upon the basis of state law without a prior state-court order on the subject. So far as the record shows, there have been no probate proceedings in Tennessee, and the husband left no estate except one-half of all the stock in this corporation. If the husband were the bank-

rupt, this stock could be set aside to the widow for her year's support; but since the corporation is in bankruptcy (fraudulently there, if you please, and solvent unless the merits are to be decided against the widow without a hearing), it is claimed that the widow is not an interested party, and should not be allowed to intervene and disclose the fraud. This is contended although the stockholders of a solvent corporation are the equitable owners of all its property, subject only to the rights of creditors.

Therefore, although the husband is not in bankruptcy, all of his assets are, and no state court can acquire jurisdiction of them. The law never requires the doing of an idle thing, and what a hard proceeding it would be for a bankruptcy court to distribute the physical assets of a corporation, without hearing interested parties, because some probate court had not set aside to them a stock certificate that was speedily being rendered worthless by the omniverous jurisdiction of bankruptcy: a jurisdiction which, upon adjudication, is an attachment, injunction, and caveat to all the world that the trustee in bankruptcy, as of the date of filing the petition in bankruptcy, is vested with title to all of the bankrupt's property, legal and equitable, tangible and intangible, throughout the United States. May a state court set aside a year's support out of property not within its actual or constructive jurisdiction? There would be no nourishment in such an order if it did. A stock certificate is merely evidence of property rights, or choses in action; and all such rights of decedent with reference to the property of this corporation are subject to the sole and exclusive jurisdiction of the bankruptcy court. In these circumstances, a court of equity will pierce the corporate veil, and administer the state law with even-handed justice.

Our decree is not limited by the lawyer's petition, but only by justice under law for every litigant. In Securities Commission v. U. S. Realty & Improvement Co., 310 U.S. 434, 457, 60 S.Ct. 1044, 1054, 84 L.Ed. 1293, the court said: "And it has long been the practice of bankruptcy courts to permit creditors or others not entitled to

file pleadings, or otherwise contest the allegations of a petition to move for the vacation of an adjudication or the dismissal of a petition on grounds, whether strictly jurisdictional or not, that the proceeding ought not to be allowed to proceed."

If no fund or property belonging to the decedent's estate has come or shall come into the custody of the bankruptcy court, of course no allowance for support may be made to the widow in this proceeding; but if in the final distribution of corporate assets there is in the possession of the trustee any money or property belonging to the decedent's estate, the widow's allowance under the substantive law of Tennessee may be set aside to her by the bankruptcy court as exempt property. The widow's claim became vested upon the death of her husband, but it can be enforced only upon property or the proceeds of property that belonged to her husband at the time of his death. There is nothing uncertain or contingent about her claim except the existence of property out of which to allow it. There may be something coming to the husband's estate from the property of this corporation, and that is reason enough to allow her to intervene and protect her contingent interest in such manner as she may be advised.

■ At any stage of the bankruptcy proceeding, if the court finds itself in the legal custody of funds or property belonging to the stockholders of the bankrupt corporation, it has inherent power, after notice to all creditors of said stockholders and other interested parties, to adjudicate the rightful owners of, and the validity of all claims against, said property. The jurisdiction to do this is sole and exclusive; the proceeding is a classic one *in rem;* and no other court, not even a probate court in the state where the decedent resided, may acquire subsequent to the time of bankruptcy a concurrent jurisdiction with reference to this same property without the consent of the bankruptcy court, the latter being a court where the creditors of the deceased husband may appear and be heard with reference to the widow's claim. Cf. Hull v. Dicks, 235 U.S. 584, 589, 35 S.Ct. 152, 59 L.Ed. 372. A statement that the bankruptcy court in such circumstances lacks jurisdiction to allow appellants' claim would be unsupported by any authority that has been brought to our attention. This is irrespective of Section 8 of the Bankruptcy Act of 1898, 11 U.S.C.A. § 26, which has reference to the death or insanity of the bankrupt, but which indicates that, if the exempt property has not already been set aside or awarded to the spouse or dependent children, the right to exemption shall nevertheless be preserved in bankruptcy.

■ The trustee in bankruptcy need not await the action of probate proceedings, which have not been and may never be instituted; nor must he file a bill in the nature of interpleader in some other court to dispose of a *res* in the legal custody of the court that appointed him. Only ordinary care, prudence, and diligence, is required of the trustee to notify claimants of the fund, 11 R.C.L., page 133, and authorities cited; and the court below may determine the time and manner of notice. The bankruptcy court will not interfere with the settlement of an estate, except to aid the jurisdiction of a probate court in a matter where its powers are inadequate, cf. Hagan v. Walker, 14 How., U.S., 29, 14 L.Ed. 312, 19 Am.Jur., Sec. 174, pp. 155–157; but no probate proceedings are pending in the state of decedent's residence, and none is necessary or even possible under the admitted facts. To warrant such proceedings, there must be an estate to administer within the jurisdiction of the court. Where ground for equitable interposition is established, a court of equity will in innumerable instances take jurisdiction of controversies involving decedents' estates and the rights of creditors. Morgan v. City & Town of Beloit, 7 Wall., U.S., 613, 19 L.Ed. 203; Hunter v. United States, 5 Pet., U.S., 173, 8 L.Ed. 86. See Annotation: 12 L.Ed. 1035. See also 11 R.C.L., pp. 64 et seq.

■ Finally, whenever property is in the possession of a court of bankruptcy, it is an inherent incident of the court's jurisdiction to determine the owner or owners and deliver possession accordingly. For the customary procedure in receivership cases, where a court has taken property in-

to its possession, see 53 Corpus Juris, p. 236, Sections 392, 393, 394; 75 C.J.S., Receivers, § 271. If equity may deal thus with property in the possession of its receivers, with equal and even greater reason the powers of the bankruptcy court are ample to deal with a trust fund in the custody of an officer appointed by it.

The judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion. It is also ordered that all further distribution of funds by the referee and trustee in these bankruptcy proceedings be stayed until the appellants' claim is finally adjudicated.

RUSSELL, Circuit Judge (dissenting).

Claiming to be the owners of one-half of the corporate stock of Southland Chenille's, Inc., a corporation of Walker County, Georgia, appellants sought to intervene in a voluntary bankruptcy proceeding which had been instituted by the corporation, allegedly at the instance of the other stockholder, who owned the remaining one-half of the corporate stock. The purpose of the intervention was to set aside the adjudication of the corporation as a bankrupt upon the ground that no proper authority had been given, or ground existed, for the filing of the petition in bankruptcy. Appellants' claim of stock ownership was predicated upon the judgment of the Court of Ordinary of Walker County, Georgia, which awarded to appellants the corporate stock ownership of their deceased husband and father as a year's support. Mrs. Seiden, her son, and her husband, in his lifetime, were all residents and citizens of Tennessee. Among other grounds, the corporation moved to dismiss the intervention upon the ground that the judgment of the Court of Ordinary of Walker County, Georgia was void because the situs of the stock was in the State of Tennessee and not within the jurisdiction of the Georgia Court. The trial judge approved this contention, determined the judgment awarding the year's support void, and, since, consequently, the proposed intervenors were not stockholders

and had no interest in the matter, dismissed the intervention. This appeal followed. As freely conceded and plainly stated by counsel for the appellants, "the only question presented by this appeal is whether or not Mrs. Seiden and her minor son owned one-half of the stock of Southland Chenille's, Inc., by virtue of the judgment of the Walker [County] Court of Ordinary setting it apart to them as a year's support."

It is, of course, well established that in Georgia a year's support "is a favorite of the law".[1] It is "an anomaly and special favorite of [Georgia] legislation and jurisprudence * * * a branch of the statute of distributions". Grant v. Sosebee, 169 Ga. 658, 661, 151 S.E. 336, 338, and citations. Nevertheless, it must be set aside out of the estate of the deceased husband. This estate is not, and was not, within the jurisdiction of the bankruptcy Court. It is the corporation which sought adjudication as a bankrupt and this, of course, is an entirely different matter from the estate of a deceased stockholder. Only the corporation was before the Court. Doubtless in recognition of its futility, the widow did not seek a year's support from the assets of the corporation. She sought to use the property claimed to have been acquired through her husband's estate as evidencing her rights as an interested person, a stockholder, to move to set aside the adjudication of the corporation as a bankrupt. Consequently, there is no necessity for determining the proper procedure to be followed where a year's support is sought from a decedent's estate which is being administered by a court of bankruptcy.

Turning, then, to the validity of the judgment of the Georgia Court of Ordinary, upon which the claim of interest of the appellant is based, the controlling question is whether the corporate stock interest of the deceased Tennessee stockholder was subject to the jurisdiction of the Georgia probate court in the proceeding instituted by the widow and minor son of such stockholder, themselves also residents of Tennessee. Non-residence alone does not prevent the award of a year's support by the

---

1. Backer v. City Bank & Trust Co., 180 Ga. 672, 180 S.E. 604, 605, 108 A.L.R. 769.

Georgia Court where the deceased leaves property located in Georgia. Jones v. Cooner, 142 Ga. 127, 82 S.E. 445. However, under the provisions of an Act of the Georgia Legislature in 1947, Georgia Acts, 1947, p. 866, Supp.Code of 1933, Sec. 113-1002.1, it is provided that the appraisers essential to carry out the determination of amount of, or property from which, a year's support shall be set aside under and by virtue of Section 113-1002 of the Georgia Code of 1933 "shall be residents of the county where the administration of the estate of the deceased is pending; or, if no administration, then from the county where the deceased resided at the time of his death." Such appraisers shall have power to set aside a year's support "either in property or money, and from property of the deceased whether located in the county or their appointment or in any other county of the State of Georgia". Section 85-1701 of Code of Georgia defines corporate stock as personalty. The Georgia authorities recognize the general rule that "Personal property has no locality other than that of the person having the same in possession, ownership, custody or control", Clark v. Baker, 186 Ga. 65, 77, 196 S.E. 750, 758, and is "subject to the law that governs the person of the owner, both with respect to its disposition and transmission, either by succession or the act of the party." Thomas v. Morrisett, 76 Ga. 384. See also Grote v. Pace, 71 Ga. 231; Squire v. Vazquez, 52 Ga.App. 215, 183 S.E. 127; Fenn v. Castelanna, 196 Ga. 22, 25 S.E.2d 796. It seems clear from these authorities that the Georgia law establishes the situs of corporate stock as the domicile of the owner, and accordingly, there was no property of the non-resident decedent within the State of Georgia and subject to the jurisdiction of its Courts for the purpose of setting the same aside to the widow and the minor child as a year's support. The appraisers purported to act under authority of the Court of Ordinary of Walker County, Georgia, were not residents of the county either where the administration of the estate of the deceased was pending, or of the county where the deceased resided at the time of his death. There is no known provision in Georgia law which would authorize the

Georgia Court to set aside to the widow resident of Tennessee a year's support in property having a legal situs in Tennessee belonging to the estate of a deceased Tennessee resident. It being conceded upon the hearing that these circumstances existed, the judgment upon which the appellants relied was patently void for lack of jurisdiction in the Court of Ordinary and the trial Court did not err in so holding. It follows that the attempted intervenors failed to establish that they were stockholders in the corporation. They neither then claimed, nor now rely upon, any other basis of interest in the bankruptcy proceeding, and the trial Court did not err in dismissing the intervention.