SAN AUGUSTINE COUNTY, TEX. v. CAMERON COUNTY WATER IMP. DIST. NO. 10.

No. 13960.

United States Court of Appeals
Fifth Circuit.

March 20, 1953.

Paul G. Greenwood, Harlingen, Tex., for appellant.

Millard Parkhurst, Dallas, Tex., Harry L. Hall, Mission, Tex., McCall, Parkhurst & Crowe, Dallas, Tex., Strickland, Wilkins, Hall & Mills, Mission, Tex., for appellee.

Before HOLMES, RUSSELL and STRUM, Circuit Judges.

STRUM, Circuit Judge.

Having been in default on its bonded indebtedness for 18 years or more, during which time approximately $500,000 in past due and unpaid interest had accumulated on a bonded debt of $558,000, the appellee Water Improvement District, on April 29, 1949, filed in the United States District Court a proposed plan of composition of its debts under chap. IX of the Bankruptcy Act, 11 U.S.C.A. § 401 et seq., which plan was approved by more than 51% of its creditors.

The district court, on April 29, 1949, approved the plan as properly filed and fixed a hearing thereon for July 14, 1949, ordering that written notice of said hearing be mailed to each known creditor, and that the notice be published once a week for three successive weeks in the Brownsville Herald, a newspaper of general circulation published within the jurisdiction of said court, and also in the Weekly Bond Buyer, a paper having general circulation amongst bond dealers and bond holders, all of which was done and completed 60 days before the date fixed for the hearing. No notice was mailed to appellant, as it was not known to be a creditor.

934

The proposed plan was amended in minor respects on June 17, 1949. Written notice thereof was mailed to all known creditors, which did not include appellant, that the amended plan would be considered on August 15, 1949. No additional notice by publication was given as to the amended plan. On October 3, 1949, the district court entered its interlocutory decree (dated August 15, 1949) confirming the amended plan and making it binding upon all creditors. This decree specifically found that proper notice had been given, and that the plan was fair and equitable.

The district court entered its final decree, November 16, 1949, approving the issuance of refunding bonds as contemplated by the plan, and requiring that creditors' claims be filed within 365 days, after which they would be barred.

One year later, November 16, 1950, appellant, as owner of $28,000 par value of the original bonds, which had been in default since 1931, and which it holds as trustee for the county's permanent school fund, intervened and prayed that the decrees above mentioned be re-opened, and appellant decreed to be unaffected by the plan of composition. The basis of the intervening petition was that the county, as a creditor, had been denied due process in that it had not been given adequate notice of the composition proceeding, and that it had no actual notice thereof until about October 15, 1950, eleven months after the final decree was entered; that the fees allowed the fiscal agents by the amended plan were excessive; and that the plan was unjust and inequitable to bond holders, such as appellant, who own no lands in the district, because reduction of the district debt, as authorized by the plan, would relieve the lands in the district of indebtedness, secured by statutory lien, at the rate of $125.00 per acre, thus creating a benefit for land owning bond holders which would not accrue to non-land holding bond holders. Compare Kaufman County District v. Mitchell, 5 Cir., 116 F.2d 959; Town of Belleair v. Groves, 5 Cir., 132 F.2d 542.

The district court declined to re-open its decrees, and dismissed appellant's intervening petition, but allowed appellant to file its claim one day late and to participate in the benefits of the plan. This appeal is from that order.

The district court found that the Water District had no knowledge of appellant's claim, but had made diligent effort to ascertain the identity of all bond holders, and that appellant had been accorded due process, but had not been diligent in presenting its claim, although it had known since 1935, or earlier, that the Water District was insolvent and dormant.

The notice given complies with the statute, 11 U.S.C.A. § 403, and in the circumstances here presented satisfies the requirements of due process. Notice having been published as to the original plan, no additional published notice as to the amended plan is required by the statute.[1] The provisions of the original plan which are asserted by appellant to discriminate against non-land owning bond holders, were not changed by the amendments. The principal change was as to the sum to be paid the fiscal agents as compensation, which was increased by $9,325, as to which the judge made a careful examination on the facts. The vice, if any, in the compensation awarded was primarily in the original plan. The increase is relatively small. The alleged inequality between land-owning and non-land owning bond holders also appeared in the original plan.

As long ago as 1889, in dealing with a condemnation case in which service by publication was relied on, and in which a land owner was making the same contention as to lack of due process made by the appellant county here, the Supreme Court said: "It is * * * the duty of the owner of real estate, who is a non-resident, to take measures that in some way he shall

1. The statute, 11 U.S.C.A. § 403 sub. e, provides that " * * * changes and modifications may be made therein [the plan], with the approval of the judge after hearing upon such notice to creditors as the judge may direct * * *." Actual notice by mail was given to all known creditors.

be represented when his property is called into requisition; and, if he fails to do this, and fails to get notice by the * * * publications * * * required in such cases, it is his misfortune, and he must abide the consequences. Such publication is 'due process of law' as applied to this class of cases." Huling v. Kaw Valley Ry. & Imp. Co., 130 U.S. 559, 9 S.Ct. 603, 605, 32 L.Ed. 1045.

██ The same principle applies here. This composition in bankruptcy is in the nature of a proceeding *in rem* as it essentially determines a status. Publication of notice in the manner stated therefore constitutes due process, as to unknown creditors. With the filing of the petition, its approval by the judge, and the giving of notice in the manner stated, the fiscal affairs of the district become subject to the jurisdiction of the court of bankruptcy. Hanover Nat. Bank v. Moyses, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113; Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230; Gratiot County Bank v. Johnson, 249 U.S. 246, 39 S.Ct. 263, 63 L. Ed. 587; Shor v. McGregor, 5 Cir., 108 F. 2d 421; Seiden v. Southland Chenilles', 5 Cir., 195 F.2d 899.

██ Although appellant and its officers were situate more than 400 miles from the situs of the Water District they can not, by their absence from the vicinity, avoid the duties and responsibilities the law plac-

es upon them with respect to their property. It was their duty to take measures to be informed when their bonds were called into question by this proceeding and they were warned by a reasonable publication of notice to appear and defend their interests. Even if appellant had no personal notice, the publication of notice in the manner stated constitutes due process in this class of cases when, as here, reasonable diligence has been exercised to afford personal notice. Huling v. Kaw Valley Ry. & Imp. Co., supra; North Laramie Land Co. v. Hoffman, 268 U.S. 276, 45 S.Ct. 491, 69 L.Ed. 953; McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 51 A.L.R. 731.[2]

██ It follows that the decrees above mentioned were rendered upon due process, that they are binding upon appellant, and have become *res judicata*. We therefore do not reach questions relating to the merits of the plan, as the court below was within its discretion in refusing to re-open the decrees which had settled those questions one year or more before appellant came in to object. In Kaufman County Dist. v. Mitchell, 5 Cir., 116 F.2d 959, and in American United Mut. Life Ins. Co. v. City of Avon Park, 311 U.S. 138, 61 S.Ct. 157, 85 L.Ed. 91, the objecting creditor acted diligently while the plans were under consideration by the court.

Affirmed.

2. Two other Texas counties, Angelina and Chambers, the first an adjoining county to appellant San Augustine County, the second more than 300 miles from the Water District, seasonably appeared pursuant to the published notice, and refused to accept the plan.